UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
_____

| | |
|---|---|
| ERIK PICKERSGILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.:   22 cv 2438 |
| ) | |
| PAUL STRAUSS D/B/A AWESOMER MEDIA, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

DEFENDANT'S ANSWER AND DEFENSES

Defendant, Paul Strauss d/b/a Awesomer Media (hereinafter "Defendant"), by and through his attorney, answer Plaintiff's Complaint as follows:

PARTIES

1. Plaintiff is an experienced commercial photographer, specializing in images concerning the psychological and social effects that cameras and their artifacts have on individuals and societies. Plaintiff has exhibited and presented his work internationally at institutions, galleries, and art fairs such as The North Carolina Museum of Art, Pantheon-Sorbonne University, The Ackland Art Museum, Rick Wester Fine Art, Pulse Art Fair Miami, AIPAD. Plaintiff resides in Charlotte, North Carolina.

ANSWER:   Defendant lacks sufficient knowledge or information to admit or deny the allegation of Paragraph 1.

2. On information and belief, Defendant is an individual residing in Chicago, Illinois. Defendant is the publisher and owner of "Awesomer Media." Defendant owns, operates, and is solely responsible for the content on numerous commercial websites, including www.theawesomer.com.

ANSWER: Defendant denies that he currently resides in Chicago, Illinois. Defendant admits that he is the publisher and owner of "Awesomer Media," and that he is responsible for the content of the website www.theawesomer.com. Defendant denies the remaining allegations of Paragraph 2.

## JURISDICTION AND VENUE

3. This is a civil action seeking damages for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 et seq.).

ANSWER: Admit

4. This Court has jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

ANSWER: Admit

5. This Court has personal jurisdiction over Defendant, and venue in this District is proper under 28 U.S.C. § 1391(b), because the events giving rise to the claims occurred in this district, Defendant engaged in infringement in this district, Defendant resides in this district, and Defendant is subject to personal jurisdiction in this district.

ANSWER: Denied

6. Defendant is subject to personal jurisdiction in Illinois.

ANSWER: Denied

7. This Court also has personal jurisdiction over Defendant, and venue in this District is proper under 28 U.S.C. § 1400(a).

ANSWER: Denied

FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

8. Plaintiff captured the photographs that comprise his series titled, "Removed." ("Copyrighted Photographs"). [Exhibit 1].

ANSWER: Defendant lacks sufficient knowledge or information to admit or deny the allegation of Paragraph 8.

9. Plaintiff registered Copyrighted Photographs with the United States Copyright Office on July 5, 2016 (Registration No.: VAu 1-258-364). [Exhibit 2].

ANSWER: Defendant admits there is a published copyright having registration date July 5, 2016, and registration number VAu 1-258-364, but Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 9.

10. Beginning on or about July 1, 2017, Plaintiff posted Copyrighted Photographs to www.ericpickersgill.com/removed (Last visited February 28, 2022). [Exhibit 2].

ANSWER: Defendant lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 10.

11. Beginning on or about July 1, 2017, Defendant copied and posted Copyrighted Photographs to the Defendant's commercial website, www.theawesomer.com (Last visited August 1, 2020).

ANSWER: Denied

12. Defendant posted Copyrighted Photographs to the following URL(s):

• www.theawesomer.com/removed/340570 (Last visited August 1, 2020). [Exhibit 3].

ANSWER: Defendant admits there is a published copyright having registration date July 5, 2016, and registration number VAu 1-258-364, but Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 12.

13. Defendant copied and posted Copyright Photographs without license or permission of Plaintiff.

ANSWER: Denied

COUNT I: INFRINGEMENT OF COPYRIGHT PURSUANT TO 17 U.S.C. § 101 ET SEQ.

ANSWER: To the extent this is an allegation of fact, denied.

14. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

ANSWER: Defendant herein incorporates his responses to Paragraphs 1 - 13

4

15. Plaintiff is, and at all relevant times has been, the copyright owner or licensee of exclusive rights under United States copyright with respect to Copyrighted Photographs, which is the subject of a valid and complete Certificate of Copyright Registration by the Register of Copyrights.

ANSWER: Defendant admits there is a published copyright having registration date July 5, 2016, and registration number VAu 1-258-364, but Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 15.

16. Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce and distribute the Copyrighted Photographs to the public.

ANSWER: Defendant admits there is a published copyright having registration date July 5, 2016, and registration number VAu 1-258-364, but Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 16 in regard to this Plaintiff.

17. Plaintiff is informed and believes Defendant, without the permission or consent of Plaintiff, copied and used Copyrighted Photographs on Defendant's commercial website, www.theawesomer.com. In doing so, Defendant violated Plaintiff's exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiff's copyright and exclusive rights under copyright.

ANSWER: Denied

18. Plaintiff is informed and believes that the foregoing act of infringement was willful and intentional, in disregard of and with indifference to the rights of Plaintiff.

ANSWER:   Denied

19. As a result of Defendant's infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to actual or statutory damages, including any profits realized by Defendant attributable to the infringement, pursuant to 17 U.S.C. § 504 for Defendant's infringement of Copyrighted Photographs.

ANSWER:   Denied

## PLAINITFF'S PRAYER FOR RELIEF

Plaintiff's prayer for relief does not state factual allegations, and thus no response is required.  Defendant further denies that Plaintiff is entitled to any relief.

## GENERAL DENIAL

Defendant denies each and every allegation not specifically admitted. This denial expressly includes any and all alleged facts, outright allegations and alleged claims for relief.

## JURY DEMAND

Defendant demands a jury trial on all triable issues.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiff fails to state a claim against Defendant on which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred for a lack of subject matter jurisdiction because he lacks valid copyright registration for the intellectual property rights asserted, or has not properly or timely registered his works.

### THIRD DEFENSE

Plaintiff is not entitled to recover on its purported copyright claim because the asserted copyright is invalid or unenforceable.

### FOURTH DEFENSE

Plaintiff has authorized, implicitly, expressly or otherwise, Defendant's allegedly infringing use of accused photographs, and thus Plaintiff's copyright infringement claims are barred by Plaintiff's license, consent, and acquiescence to Defendant's use.

### FIFTH DEFENSE

Any alleged conduct by Defendant as set forth in the Complaint constitutes "fair use" pursuant to applicable copyright law.

### SIXTH DEFENSE

Plaintiff's claims are barred by the doctrine of copyright misuse.

### SEVENTH DEFENSE

Plaintiff's copyright claims are barred by the equitable doctrines of unclean hands, waiver, and/or estoppel.

### EIGHTH DEFENSE

Plaintiff's copyright claims are barred at least in part by the applicable statute of limitations.

Respectfully submitted,

Dated:    June 29, 2022    By:    /s/ Steven M. Evans   

Steven M. Evans
CHICAGO IP LAW
1750 W. Ogden Ave., #2405
Naperville, Illinois 60567
630-544-9395
630-230-0230 (fax)
sevans@chicagoiplaw.com

*Attorney for Defendant*

CERTIFICATE OF SERVICE

Steven Evans, an attorney, certifies that he caused a true and correct copy of the foregoing DEFENDANT'S ANSWER AND DEFENSES to be served on this 29th day of June 2022, upon all counsel of record on this case via the court's electronic filing system.

/s/ Steven M. Evans